mateoquidachayvoir

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
NOV 14 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JACOB R.F. MATEO, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 06-00033 <br><br> **UNITED STATES'** <br> **[PROPOSED]** <br> **VOIR DIRE** |

Pursuant to the order of this Court and Federal Rule of Criminal Procedure 24(a), the United States submits the following proposed voir dire questions.

A. <u>WITNESSES</u> (Assuming that the Court reads the names of the attorneys and the trial witnesses to the panel.)

    1. Are any of you friendly or associated or related with the attorneys for the United States, or for the defense, in this case, either socially or through your role as jurors in other cases? If so, please explain the nature of the prior knowledge and how it may affect your attitude as a juror in this case.

    2. Do any of you know any of the witnesses who will testify? If so, please describe your acquaintance.

    3. Do any of you know the defendant or his family members socially or through some business or other acquaintanceship? If so, please describe the association.

B. GENERAL INFORMATION

4. The government requests that the court ask each juror to give a verbal summary of the following information:

5. Please explain for us the nature and extent of your educational background, including any special training courses and vocational seminars you have attended. If you attended college, what was your major field of study?

6. Are you married? Do you: live alone? Share house with another person or persons? Live with family?

7. Please describe the nature of your employment and that of your spouse, if you are married.

8. Please describe your immediate family and, how each formally employed member is employed, the nature of any past employment, and the educational background of your immediate family.

9. Please explain your past experience on juries in both civil and criminal cases. Tell us when the case was tried and the nature of the case.

10. Is there anything about the nature of this case, that involves allegations of distribution of methamphetamine hydrochloride, that makes you wish not to be involved in the trial of this case? If so, what is it?

11. Do you have any personal objection to the laws of the United States that make the distribution of methamphetamine hydrochloride (Ice) illegal?

12. Have you or any of your acquaintances ever had any experiences with the Drug Enforcement Administration or the Guam Police Department that would influence your ability to sit as a fair and impartial juror in this matter?

13. Is there anything that you have read in newspapers, magazines, or viewed on television regarding drug issues that would influence your ability to sit as a fair and impartial juror in this case?

14. Do you have any fixed view about the United States Department of Justice, the Drug Enforcement Administration or the Guam Police Department that would affect your

ability to be an impartial juror in this case?

C. OTHER MATTERS

15. Has anyone talked to you about this case or attempted to influence you in any way about it <u>since</u> you were notified you were on the jury panel? Who? When? Where? Who else was present? What did you say? <u>Before</u> you were so notified, did anyone attempt to influence you about jury service on this matter? Please tell us the details of that.

16. Have you, your relatives or close friends ever been charged with or investigated for a crime? If so, what was the nature of this investigation or charge? How was it handled?

D. GENERAL QUALIFICATION

17. Would you judge this case solely on the evidence before you, and not allow anything else to affect your verdict?

18. Would you be able to decide this case if your decision had to be based only on how believable you found the witnesses to be?

19. Do you know any reason whatsoever why you may not sit as a fair and impartial juror to both sides in this case?

RESPECTFULLY SUBMITTED this 14th day of November 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney