

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
DEC - 6 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00033 |
| Plaintiff, | |
| vs. | GOVERNMENT'S MEMORANDUM REGARDING U.S.S.G. 2D1.1(b)(1) |
| JACOB MATEO, | |
| Defendant. | |

Defendant Jacob Mateo's Presentence Report applies a two level enhancement pursuant to United States Sentencing Guidelines 2D1.1(b)(1).

U.S.S.G. § 2D1.1(b)(1) provides as follows:

Specific Offense Characteristics:
(1) If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."

The Commentary to this section states:

"3. Definitions of "firearm" and "dangerous weapon" are found in the commentary to 1B1.1 (Application Instructions). The enhancement for weapons possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet. The enhancement also applies to offenses that are referenced to 2D1.1; see 2D1.2(a)(1) and (2), 2D1.5(a)(1), 2D1.6, 2D1.7(b)(1), 2D1.8, 2D1.11(c)(11), 2D1.12(c)(1), and 2D1.1(b)(1)."

In United States v. Nelson, 222 F3d 545 (9th Cir. 2000), the Ninth Circuit has held "In this circuit, once the government demonstrates that a defendant possessed a dangerous weapon, to avoid a sentence enhancement under 2D1.1(b)(1), the burden of proof is on the defendant to prove that it is "clearly improbable" that he possessed a weapon in connection with the offense. See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir. 1989); U.S.S.G. §2D1.1(b)(1), comment. (N.3) ("The adjustment should be applied if the weapon was present, unless it was clearly improbable that the weapon was connected with the offense.")." Nelson, 222 F.3d 545, 550 (2000).

The Government will present testimony from Drug Enforcement Agency ("DEA") Special Agent Kenneth Bowman that on August 21, 2006, the defendant Jacob Mateo drove up to the his residence 142A Borja Street, Canada, Barrigada, Guam in a 2002 Chevrolet Silverado Truck. Jacob Mateo admitted to DEA Agents that he possessed methamphetamine, and an ice pipe and marijuana were seized from his vehicle. Also seized was a blue wallet containing $2,200.00 and $668.00 from his person (Total of $2,868.00). Jacob Mateo admitted that the money was from his mother Judith Mateo, that the drugs were his, and that he had been using "ice" since he was 17 years old. Jacob Mateo then stated that his mother is unemployed and makes her living by selling or dealing drugs and sells from her residence. Jacob stated that Robert Quidachay also is involved with Judith Mateo in selling methamphetamine. **Jacob Mateo stated that several months ago, possibly in June, 2006, his mother Judith showed him a silver Revolver "six shooter" in a case with a registration slip bearing the name "David B". Jacob Mateo stated that Judith Mateo instructed him to put the firearm on the top shelf in his bedroom, which he did to make sure nobody touches the firearm. Jacob Mateo did not know how Judith Mateo obtained the firearm.**

The Government anticipates that the DEA Special Agent testimony will demonstrate by a preponderance of the evidence that Jacob Mateo possessed the firearm which was in his bedroom, and which he admitted to concealing. The testimony will show by a preponderance of the evidence that Jacob Mateo had access to the gun, was aware of its presence, and thus the enhancement of 2D1.1(b)(1) should apply. Further, Jacob Mateo's co-conspirator, Judith Mateo

possessed the firearm before him and that the possession furthered jointly undertaken criminal activity. United States v. Ortiz, 362 F.3d 1274 (9th Cir. 2004), United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir. 1990). The burden of proof will then shift to defendant to defense to prove that it is "clearly improbable" that he possessed a weapon in connection with the offense. United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir. 1989).

RESPECTFULLY SUBMITTED this 3rd day of December, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney